[Cite as *State v. Oliver*, 2010-Ohio-4182.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 09 MA 44 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| WILLIE OLIVER | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from the Court of
                               Common Pleas of Mahoning County,
                               Ohio
                               Case No. 2006 CR 516

JUDGMENT:                      Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Paul J. Gains
                               Mahoning County Prosecutor
                               Atty. James E. MacDonald
                               Assistant Prosecuting Attorney
                               21 West Boardman Street, 6th Floor
                               Youngstown, Ohio  44503

For Defendant-Appellant:       Atty. Louis M. DeFabio
                               4822 Market Street, Suite 220
                               Youngstown, Ohio  44506

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                               Dated:  September 3, 2010

WAITE, J.

**{¶1}** Appellant, Willie Oliver, Jr. appeals the five year sentence imposed by the Mahoning County Common Pleas Court at a resentencing hearing held on February 4, 2009. Appellant was convicted by a jury on one count of receiving stolen property, a violation of R.C. 2913.51(A)(C), a fourth degree felony, and one count of failure to comply with the order or signal of a police officer, a violation of R.C. 2921.331(B)(C)(1)(5)(a)(ii), a third degree felony. On resentencing, the trial court imposed a twelve month sentence for receiving stolen property, and a four year sentence for failure to comply, to be served consecutively pursuant to statute. R.C. 2921.331(D).

**{¶2}** Appellant successfully challenged the very same sentence, which the trial court originally imposed on September 11, 2007 in *State v. Oliver*, 2008-Ohio-6371, based on the trial court's failure to place on the record its consideration of the factors set forth in R.C. 2921.331.

**{¶3}** R.C. 2921.331(C)(5) reads, in pertinent part:

**{¶4}** "(b) If a police officer pursues an offender who is violating division (B) of this section and division (C)(5)(a) of this section applies, the sentencing court, in determining the seriousness of an offender's conduct for purposes of sentencing the offender for a violation of division (B) of this section, shall consider, along with the factors set forth in sections 2929.12 and 2929.13 of the Revised Code that are required to be considered, all of the following:

**{¶5}** "(i) The duration of the pursuit;

**{¶6}** "(ii) The distance of the pursuit;

**{¶7}** "(iii) The rate of speed at which the offender operated the motor vehicle during the pursuit;

**{¶8}** "(iv) Whether the offender failed to stop for traffic lights or stop signs during the pursuit;

**{¶9}** "(v) The number of traffic lights or stop signs for which the offender failed to stop during the pursuit;

**{¶10}** "(vi) Whether the offender operated the motor vehicle during the pursuit without lighted lights during a time when lighted lights are required;

**{¶11}** "(vii) Whether the offender committed a moving violation during the pursuit;

**{¶12}** "(viii) The number of moving violations the offender committed during the pursuit;

**{¶13}** "(ix) Any other relevant factors indicating that the offender's conduct is more serious than conduct normally constituting the offense."

**{¶14}** In *Oliver I*, we stated, "[t]hese factors do not need to be expressly mentioned nor do specific findings as to the factors need to be made, rather, all that is needed to be shown is that the trial court considered the factors." (Internal citations omitted.) Id. at ¶28. As a consequence, the trial court, at the resentencing hearing, simply stated that it had considered the factors listed in the statute before re-imposing the original sentence. (2/4/08 Tr., pp. 14-15.)

**{¶15}** A succinct summary of the trial testimony relevant to this appeal was provided in *Oliver I*:

{¶16} "Sometime after 7:30 p.m. on May 7, 2006, David Townsend's 1990 maroon Pontiac Bonneville with license plate number DRU6603 was stolen from the driveway abutting his property on Selma in Youngstown, Ohio. (Tr. 163, 165, 370). The next morning when he noticed it was gone, he called the Youngstown Police Department and reported the car stolen.

{¶17} "During the early morning hours of May 8, 2006, Boardman Police were called to the BP on the corner of South Avenue and Rt. 224. (Tr. 184). The clerk at the BP called the police about two suspects, a male and female, that had previously shoplifted at that store. (Tr. 184, 250). The clerk indicated that the two suspects were driving a 1990 maroon Pontiac with license plate number DRU6603. (Tr. 185-186). Those two suspects were later identified as Willie Oliver and Alicia Adams. (Tr. 263).

{¶18} "The officer did not see the suspects or the car when he checked the BP, however, he did notice them leaving Doral Drive. He proceeded to follow them to I-680. When the vehicle entered the I-680 on ramp, the officer activated his overhead lights. (Tr. 187). At that point the Bonneville accelerated, left the road a couple of times, fishtailed and almost crashed. (Tr. 188). The officer testified that he ended the pursuit because of the danger to the driver and passenger and any other vehicles on the road. (Tr. 189, 210)." *Oliver I* at ¶2-4.

{¶19} In his first assignment of error, Appellant contends that the trial court abused its discretion when it imposed a four year sentence for failure to comply with the order or signal of a police officer, and that the sentence itself was contrary to law. In his supplemental assignment of error, Appellant contends that the trial court

violated his right to due process when it failed to address his claim that the presentence report contained an error, that is, that Appellant had been convicted of attempted murder. For the following reasons, the judgment of the trial court is affirmed.

<u>ASSIGNMENT OF ERROR NO. 1</u>

**{¶20}** "THE TRIAL COURT'S SENTENCE OF FOUR (4) YEARS OF IMPRISONMENT WAS CONTRARY TO LAW AND CONSTITUTED AN ABUSE OF DISCRETION."

**{¶21}** We review felony sentences using two standards of review. We must determine whether the sentence is contrary to law and whether it constitutes an abuse of discretion. *State v. Gratz*, 7th Dist. No. 08MA101, 2009-Ohio-695, ¶8; *State v. Gray*, 7th Dist. No. 07MA156, 2008-Ohio-6591, ¶17. A sentence is clearly and convincingly contrary to law when the sentencing court does not comply with all applicable rules and statutes in imposing the sentence. *Gratz*, at ¶8, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶13-14. An abuse of discretion may occur if the sentencing court unreasonably or arbitrarily weighs the factors in R.C. 2929.11 and R.C. 2929.12. *Gratz* at ¶8, citing *Kalish* at ¶17.

**{¶22}** For a felony of the third degree, the minimum sentence is one year and the maximum sentence is five years. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11(A). To achieve these purposes, the sentencing court must consider the need for: incapacitating the offender; deterring the offender and others from future crime; rehabilitating the offender; and making restitution. Id. A sentence

must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim. R.C. 2929.11(B).

**{¶23}** The sentencing court has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 but must consider whether any seriousness and recidivism factors listed in R.C. 2929.12 are relevant. R.C. 2929.12(A). In addition, the trial court may consider any other factors that are relevant to achieving those purposes and principles of sentencing. Id.

**{¶24}** Turning to Appellant's challenges to the sentence imposed in this case, he first argues that the trial court failed to articulate any consideration of the statutory factors at all. Therefore, he claims, the sentence is contrary to law. In the alternative, he argues that "if the trial court's rote recitation that it considered the seriousness factors suffices," the sentence imposed constitutes an abuse of discretion. (Appellant's Brf., p. 13).

**{¶25}** The trial court in this case did not mention any of the factors listed in R.C. 2929.12 at the sentencing hearing, but did state that it considered the factors in the statute, as well as the principles and purposes of sentencing listed in R.C. 2929.11, in imposing the four year sentence. (2/4/09 Tr., p. 13.) In *State v. Arnett* (2000), 88 Ohio St.3d 208, 724 N.E.2d 793, the Supreme Court held that, "the sentencing judge could have satisfied her duty under R.C. 2929.12 with nothing more than a rote recitation that she had considered the applicable [factors]." Id. at 215. Consequently, the sentence cannot be found to be contrary to law for the reasons argued by Appellant.

**{¶26}** Next, Appellant contends that none of the aggravating factors listed in R.C. 2929.12 were present in this case, while the existence of a mitigating factor listed in the statute should have resulted in a lesser sentence. Specifically, Appellant argues that he did not cause or expect to cause any physical harm to any person or property. Thus, the sole applicable consideration listed in R.C. 2929.12 is a mitigating factor. Based on Appellant's lengthy criminal history, and the fact that he was on parole at the time of the offense due to a 1995 conviction for robbery, he does concede that the recidivism factors favor a longer sentence.

**{¶27}** With respect to the factors listed in R.C. 2921.331(C)(5)(b), Appellant argues on appeal, as he did before the trial court, that the facts established at trial demonstrate, "the least serious form of failure to comply that could exist." (Appellant's Brf., p. 9.) He claims that the duration and distance of the pursuit were very short, and the rate of speed was minimal. He did not fail to stop at street lights and his headlights were on during the brief pursuit.

**{¶28}** Appellant further argues that the court abused its discretion in imposing a four year sentence based on sentences previously imposed by Ohio courts for more egregious violations of the statute. For instance, the Eighth District Court of Appeals affirmed a four year sentence in *State v. Jones*, 8th Dist. No. 477530, 2008-Ohio-802, ¶17, where the defendant ran stop signs while leading police on a 90 mph chase through an active school zone. Another defendant who led police on a two mile chase at speeds reaching 120 mph through a busy construction zone on Interstate 71 received a 17 month sentence. See *State v. Battle*, 8th Dist. No. 82503, 2003-Ohio-4951, at ¶3-5.

**{¶29}** Appellant's abuse of discretion argument is premised on the fact that the pursuit in this case was, "at best, seconds long." (Appellant's Brf., p. 9.) However, his argument ignores the fact that the brief duration and length of the pursuit resulted not from Appellant's compliance, but was due to the officer's decision to terminate pursuit because of his concerns for the public safety. Appellant should not reap the benefit at sentencing of the fact that the officer chose to terminate his pursuit.

**{¶30}** Moreover, in the case sub judice, during the limited time that the officer pursued Appellant, Appellant's car "accelerated, left the road a couple of times, fishtailed and almost crashed. (Tr. 188)." *Oliver I* at ¶4. Although the chase was brief, the trial testimony established that Appellant recklessly operated his car in a particularly dangerous area of the road; the on-ramp of a highway.

**{¶31}** In addition to Appellant's reckless conduct during the commission of the crime, his trial counsel conceded that, even without the attempted murder charge erroneously included in his pre-sentence investigation report, see *infra*, Appellant had a lengthy criminal history. Moreover, Appellant was on parole when he committed the crimes at issue in this appeal. Therefore, the trial court did not abuse its discretion in imposing a four year sentence.

**{¶32}** Because Appellant's sentence is not contrary to law and does not constitute an abuse of discretion on the part of the trial court, Appellant's first assignment of error is overruled.

## SUPPLEMENTAL ASSIGNMENT OF ERROR

**{¶33}** "THE TRIAL COURT ERRED, PURSUANT TO *OHIO REVISED CODE* §2951.03(B)(5), BY IMPOSING A SENTENCE WITHOUT MAKING A FINDING AFTER THE DEFENDANT MADE SPECIFIC OBJECTIONS TO AN ALLEGED, PRIOR CONVICTION IN THE PRE-SENTENCE REPORT. FURTHER, THE APPELLANT WAS DENIED DUE PROCESS OF LAW AT THE SENTENCING HEARING."

**{¶34}** At the original sentencing hearing, the state recommended the maximum sentence. The state relied upon Appellant's criminal record, arguing:

**{¶35}** "[B]ased upon the pre-sentence investigation,* * *[Appellant] has been convicted of 15 different offenses. Four of those were felonies, including one for attempted murder. [Appellant] served a seven-year period on this attempted murder charge, which may even indicate that his record would be worse if he was out during that period." (9/11/07 Tr., p. 3.)

**{¶36}** Appellant's trial counsel objected to the content of the presentence report, stating that Appellant was never convicted of attempted murder. According to his trial counsel, Appellant has a common name, which he shares with both his father and his son, who have both been convicted of a number of crimes, and one other Willie Oliver, who his trial counsel had represented in Youngstown Municipal Court. Trial counsel explained that, "[b]ecause of that, some of this has bled across into the PSI." (9/11/07 Tr. p., 7.) However, even without the erroneous information, trial counsel conceded that Appellant had "a lengthy record." (9/11/07 Tr. p., 6.)

{¶37} The trial court held a resentencing in the matter. At the resentencing hearing, Appellant was represented by new counsel. His counsel told the trial court that, "[t]he state indicated that [Appellant] had been convicted of attempted murder at the last sentencing. That absolutely is not true." (2/4/09 Tr., p. 11.) Trial counsel did, however, proceed to describe the crimes Appellant actually committed:

{¶38} "[Appellant] was convicted of a robbery, an aggravated felony two, in Trumbull County in 1995. It is a pre-Senate Bill 2 robbery, so that's why it's an agg [sic] felony two. It was an indefinite sentence, which was three to 15 years, which was the minimum, and he had a firearm specification. He basically has served about ten years of that sentence because he's serving part of that sentence now on a parole violation based on this case. He has a felony receiving stolen property from Judge Durkin's [sic] that I believe arose some time in 2004, and he has these cases. So there certainly is a criminal record there; however, I think when you're doing this balancing test, * * * recidivism certainly is more likely than not * * * *" (2/4/09 Tr., p. 11.)

{¶39} The record reflects that in addition to the crimes listed by his trial counsel, Appellant has previous convictions for assault, drug abuse, drug possession, theft, carrying a concealed weapon, and mishandling a firearm in a motor vehicle. Appellant does not argue that he was not convicted of these crimes. Based on Appellant's criminal history, his counsel conceded at the resentencing hearing that "recidivism certainly is more likely than not," and that Appellant, "hasn't responded favorably to rehabilitative efforts in the past." (2/4/09 Tr., pp. 10-11.)

**{¶40}** On appeal, the trial court could not locate the PSI for our review. As a consequence, the Adult Parole Authority faxed an unsigned copy to the Clerks' Office. In the report, which contained a "follow-up date" of September 12, 2007, there is no attempted murder conviction listed. It is not clear from the record whether the trial court relied on the amended PSI in the resentencing hearing.

**{¶41}** R.C. 2951.03(B) reads, in pertinent part:

**{¶42}** "(5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:

**{¶43}** "(a) Make a finding as to the allegation;

**{¶44}** "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant."

**{¶45}** Interpreting R.C. 2951.03(B), appellate courts in Ohio have recognized that a failure to make the requisite findings pursuant to the statute is harmless error if the record reflects that none of the trial court's findings or considerations would be affected by the alleged inaccuracies in the report. *State v. Caudill*, 5th Dist. 06 COA 42, 2007-Ohio-6175, ¶21-22, *State v. Platz*, 4th Dist. No. 01 CA33, 2002-Ohio-6149, at ¶18, *State v. Roby*, 11th Dist. No. 2001-A-0029, 2003-Ohio-603, ¶53.

**{¶46}** The facts in this case are similar to the facts presented in *State v. Elder*, 8th Dist. No. 80677, 2002-Ohio-3797. In *Elder*, the Eighth District Court of Appeals

determined that, "the trial court never addressed the presentence investigation report other than to state that it had reviewed it prior to the sentencing hearing. Furthermore, it never mentioned Elder's prior criminal record in imposing the sentence. Accordingly, we find that the trial court's failure to make the requisite findings pursuant to R.C. 2951.03(B)(5) was harmless error." Id. at ¶56. The same could be said, here, except that the record does not indicate whether the trial court received a PSI at resentencing.

**{¶47}** Because the record does not reflect that the trial court relied on an erroneous conviction, which appears to have been mistakenly included in the original PSI, in imposing sentence at Appellant's resentencing, Appellant's supplemental assignment of error is also overruled and the trial court's decision is affirmed in total.

Donofrio, J., concurs.

DeGenaro, J., concurs.