[Cite as *State v. Latronica*, 2014-Ohio-3685.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   13 MA 164 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| GREG LATRONICA, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                                              Court, Case No. 13CR411.

JUDGMENT:                                          Reversed and Remanded.

APPEARANCES:
For Plaintiff-Appellee:                          Attorney Paul Gains
                                                              Prosecuting Attorney
                                                              Attorney Ralph Rivera
                                                              Assistant Prosecuting Attorney
                                                              21 West Boardman Street, 6th Floor
                                                              Youngstown, Ohio  44503

For Defendant-Appellant:                     Attorney Timothy Cunning
                                                              940 Windham Court, Suite 4
                                                              Youngstown, Ohio  44512

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                                              Dated:  August 19, 2014

[Cite as *State v. Latronica*, 2014-Ohio-3685.]
VUKOVICH, J.

{¶1} Defendant-appellant Greg Latronica appeals from his 36-month sentence entered in the Mahoning County Common Pleas Court for two theft convictions and one weapons while under disability conviction. The issue in this case concerns R.C. 2951.03(B)(5), the presentence investigation (PSI) statute, and whether the trial court erred when it failed to state on the record either a finding as to the alleged inaccuracy in Latronica's PSI or to state that no determination as to the alleged inaccuracy was needed because the inaccuracy would not be considered when deciding the appropriate sentence.

{¶2} For the reasons expressed more fully below, we reaffirm our previous determination that a harmless error analysis is appropriate when addressing the alleged failure to comply with R.C. 2951.03(B)(5). That said, in this instance, we cannot conclude that the error is harmless. Therefore, the sentence is reversed and the matter is remanded for resentencing. Upon remand, the trial court is instructed to comply with R.C. 2951.03(B)(5).

Statement of the Case

{¶3} On May 16, 2013, appellant was indicted for two counts of theft, in violation of R.C. 2913.02(A)(1)(B)(4) and one count of having weapons while under disability, in violation of R.C. 2923.13(A)(2)(B). All offenses were third-degree felonies.

{¶4} Appellant originally pled not guilty. However, on June 25, 2013, he changed his plea to guilty for all indicted offenses. The change of plea was the result of a plea agreement reached between the state and appellant. The state agreed to stand silent at sentencing if the PSI came back favorable. If it came back unfavorable, the state agreed to recommend a 12-month sentence.

{¶5} The PSI came back unfavorable for appellant; it recommended a prison sentence. Thus, at sentencing the state recommended a 12-month sentence.

{¶6} At sentencing, appellant took issue with the PSI and argued that it contained an error. Specifically, under the heading "Recidivism Factors, Recidivism Likely", the line stating "Offender out on bail before trial or sentencing, under court

sanction or under post-release control or parole when committed" was marked with an "x." The explanation next to that factor stated, "Defendant was out on bond in Boardman when the Instant Offenses were committed." Appellant argued that he was not out on bond when the offenses were committed, that the statement is inaccurate and the Boardman offense occurred two days prior to the instant offense. 08/13/13 Tr. 4-5.

{¶7} The trial court did not address the alleged inaccuracy. Rather, it proceeded to impose a 36-month sentence after it made the following statement:

> The court has considered the record, the oral statements made, the recommendation contained within the presentence investigation, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Coe 2929.12.

08/13/13 Tr. 10.

{¶8} Prior to reducing the sentence to writing, appellant asked the trial court to reconsider its oral pronouncement of sentence. 08/19/13 Motion to Reconsider. One of the reasons for the requested reconsideration was the alleged inaccuracy in the PSI. The trial court overruled the motion without making any findings regarding the alleged inaccuracy. 08/22/13 J.E.

{¶9} The trial court journalized the 36-month sentence on September 26, 2013. In that judgment entry, the trial court made a statement similar to the one made at the sentencing hearing:

> The Court has considered the record, oral statements and the pre-sentencing investigation report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

09/26/13 J.E.

{¶10} Appellant appeals from his sentence raising one assignment of error.

<u>Assignment of Error</u>

{¶11} "The trial court did not comply with R.C. 2951.03(B)(5)."

{¶12} R.C 2951.03 is titled, "Presentence investigation reports; confidentiality" and as the title suggests discusses presentence investigation reports. Section (B)(1) permits the defendant and/or defense counsel to read the report prior to sentencing. Section (B)(2) requires the trial court to permit the defendant and defense counsel to comment on the PSI. If a factual inaccuracy is alleged to be contained in the report, the court may, in its discretion, permit the defendant and defense counsel to introduce information that relates to that factual inaccuracy. Section (B)(5) then addresses the manner in which the trial court should handle the alleged inaccuracy. It specifically provides:

> (5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
>
> (a) Make a finding as to the allegation;
>
> (b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

R.C. 2951.03(B)(5).

{¶13} Here, the alleged factual inaccuracy, being out on bond when the offenses occurred, was commented on by defense counsel prior to the trial court issuing the sentence. The trial court, however, did not explicitly make a finding regarding the allegation nor did it state that no finding was necessary because the matter would not be taken into account. Rather, the trial court did not address the argument and was silent on the matter. The state concedes this point, but asserts that any error in failing to make findings amounts to harmless error. Appellant counters this argument by asserting that harmless error has no application to R.C. 2951.03(B)(5) and that even if it does, the error here is not harmless.

**{¶14}** Considering the parties' arguments, the first issue we must address is whether the failure to comply with R.C. 2951.03(B)(5) can amount to harmless error.

**{¶15}** Previously, this court has held that a harmless error analysis is applicable for the failure to comply with R.C. 2951.03(B)(5). *State v. Oliver*, 7th Dist. No. 09MA44, 2010-Ohio-4182, ¶ 45-46 (*Oliver II*). We explained that the failure to make the requisite finding amounts to harmless error if the record reflects that none of the trial court's findings or considerations would be affected by the alleged inaccuracies in the report. *Id.* at ¶ 45, citing *State v. Caudill,* 5th Dist. 06COA42, 2007–Ohio–6175, ¶ 21–22, *State v. Platz,* 4th Dist. No. 01CA33, 2002–Ohio–6149, at ¶ 18, *State v. Roby,* 11th Dist. No. 2001–A–0029, 2003–Ohio–603, ¶ 53.

**{¶16}** Although appellant finds fault with our *Oliver II* decision and encourages us to overrule that decision, we decline to do so and reaffirm our position that the failure to make the requisite findings under R.C. 2951.03(B) may result in harmless error. In doing so, we note that this position is used by the majority of districts that have addressed the issue. *Platz,* 4th Dist. No. 01 CA33, 2002–Ohio–6149, at ¶ 18; *Caudill,* 5th Dist. 06 COA 42, 2007–Ohio–6175, ¶ 21–22; *State v. Othman*, 149 Ohio App.3d 82, 2002-Ohio-4049, ¶ 22 (8th Dist.); *Roby,* 11th Dist. No. 2001–A–0029, 2003–Ohio–603, ¶ 53. *But see, State v. Swihart*, 3d Dist. No. 14-12-25, 2013-Ohio-4645, ¶ 61, 66 (questioning the application of a harmless error analysis to a trial court's lack of compliance with R.C. 2951.03(B)(5).

**{¶17}** Therefore, since harmless error is applicable, the next issue to decide is whether the trial court's failure to comply with R.C. 2951.03(B)(5) amounts to harmless error. As stated above, harmless error will be found if the record reflects that none of the trial court's findings or considerations would be affected by the alleged inaccuracies in the report. *Oliver II* at ¶ 45. If the error appears on the record and the trial court clearly does not comply with the statute, then the error will not be harmless error unless the record clearly shows that the trial court did not consider the inaccuracy or the record reflect that there are substantial other factors supported in the record that clearly outweighs the inaccuracy.

{¶18} In this instance, the plea agreement between appellant and the state was that the state would stand silent if the PSI came back favorably, however, if it came back unfavorably the state would recommend a 12-month sentence. The PSI recommended prison time and thus, was unfavorable. In the PSI it states appellant was out on bond when the instant offenses occurred. The PSI indicates that appellant's criminal convictions consist of two cases and the instant offenses. The first is a 2008 conviction in Trumbull County Ohio for robbery and burglary, both second-degree felonies. The next conviction is the Boardman conviction for theft less than $1,000.00 which was committed on April 5, 2013. The instant offenses were committed on April 7, 2013. The docket for the Boardman conviction, case number 13 CRB 513, indicates that an arrest warrant in that case was issued on April 10, 2013 and that bond was set on April 11, 2013. From those entries, it is clear that appellant could not be out on bond when the instant offenses were committed. Accordingly; the PSI does contain an inaccuracy.

{¶19} Although the inaccuracy was brought to the trial court's attention by defense counsel, the trial court did not address the argument or make a finding or determination regarding the inaccuracy pursuant to R.C. 2951.03(B)(5), but rather proceeded to sentencing. In imposing the sentence the trial court specifically stated that it considered the PSI and the recommendation in the PSI. While those statements are typical statements made during sentencing, they must be taken into consideration. The PSI states that recidivism is more likely than not. That finding is partly based upon the allegation that appellant was out on bond when the instant offense occurred. Thus, the recommendation in the PSI for a prison term is also partially based on that factor. Committing offenses while out on bond shows further disregard for the law. Thus, the act of committing any offense while out on bond could potentially result in receiving a lengthier sentence than otherwise would have been imposed.

{¶20} There are two cases from this district in which we have concluded that the failure to comply with R.C. 2951.03(B)(5) amounts to harmless error – *Oliver II* and *Mayor*. Both of those cases are distinguishable from the instant matter.

**{¶21}** In *Oliver II,* we stated it was not clear from the record that the trial court received a PSI at resentencing. *Oliver II*, 7th Dist. No. 09MA44, 2010-Ohio-4182, ¶ 46. Here, it is clear that the trial court not only received the PSI, but that it viewed it and considered it in formulating the sentence. Second, despite the inaccuracy in the PSI, it was undisputed that Oliver had an extensive criminal record (15 priors) and recidivism was likely. *Id.* at ¶ 39. That same indication cannot clearly be made here. Appellant's record consists of two previous convictions, one of which the offense occurred two days prior to the instant offenses. The other conviction is the 2008 convictions for second-degree burglary and robbery, to which appellant received an aggregate two year prison term. Thus, appellant does not have the extensive criminal record that Oliver had and there is no admission that recidivism is more likely as was admitted by counsel in *Oliver II*.

**{¶22}** In *Mayor*, we held that the trial court does not specifically need to state, "I find no factual inaccuracy" when making a determination under R.C. 2951.03(B)(5). *State v. Mayor*, 7th Dist. No. 07MA177, 2008-Ohio-7011, ¶ 28. Rather, it could make statements that implicitly show that it was not finding an inaccuracy. *Id.* Therefore, in a situation like the one before for us where it appears that there is an inaccuracy, the trial court could make statements that implicitly show it was not considering the inaccuracy.

**{¶23}** The problem here is that there is nothing in the record that would lead to the conclusion that the trial court did not consider the inaccuracy. The trial court stated without qualification that it considered the PSI and made no finding under R.C. 2951.03(B)(5) regarding the alleged inaccuracy. There are no others statements from the trial court that suggest that it did not consider the inaccuracy or that it concluded that the PSI was inaccurate. Therefore, based on the record before us, it cannot be concluded that the failure to comply with R.C. 2951.03(B)(5) was harmless in this instance; it is not clear that the trial court would impose a 36-month sentence if the inaccuracy was not considered.

**{¶24}** That said, nothing in this opinion should be read in a manner that draws the conclusion that we are of the opinion that the 36-month sentence was not

warranted. We were not asked to review whether the trial court abused its discretion in issuing the sentence it did. We are solely asked to decide if the trial court complied with R.C. 2951.03(B)(5), and if it did not, was the error harmless. As stated above, we find that there was no compliance and the error was not harmless.

{¶25} For the reasons expressed above, this assignment of error has merit. The sentence is reversed and the matter is remanded for a new sentencing hearing. Upon remand, the trial court is instructed to comply with R.C. 2951.03(B)(5).

Waite, J., concurs.
DeGenaro, P.J., concurs.