[Cite as *State v. Arthurs*, 2021-Ohio-3296.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. W. Scott Gwin, J. |
| -vs- | : | |
| | : | Case No. 21CA0002 |
| | : | |
| PAUL ARTHURS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of Common Pleas, Case No. 20-CR-00436


JUDGMENT:      REVERSED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING


DATE OF JUDGMENT ENTRY:      September 20, 2021


APPEARANCES:

For Plaintiff-Appellee:

WILLIAM C. HAYES
LICKING CO. PROSECUTOR
PAULA M. SAWYERS
20 S. Second St., Fourth Floor
Newark, OH 43055

For Defendant-Appellant:

MICHAEL S. COX JR.
BURKETT & SANDERSON, INC.
73 North 6th St.
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Paul Arthurs appeals from the November 12, 2020 Judgment of Conviction of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from appellee's bill of particulars filed September 30, 2020.

{¶3} On February 21, 2020, the Heath Police Department responded to a burglary alarm at the Fastenal store on Hebron Road in Licking County, Ohio. Upon arrival, officers found the exterior door had been forced open and someone had removed power tools from within the store. Video surveillance was retrieved which showed a white male in a Pittsburgh Steelers jacket in the store. That individual had been driving an extended cab two-wheel drive truck, which appeared to be a Ford F150, and was seen entering the business and forcing entry into a locked storage locker and stealing multiple power tools. Officers located a discarded tire iron which had been used by the person to force entry into the business.

{¶4} On April 16, 2020, the Heath Police Department was notified there was a CODIS hit on the tire iron identifying appellant. Confirmatory testing was completed, and the appellant was identified as the contributor on the tire iron. Appellant was Mirandized and interviewed, and admitted committing these offenses, as well as multiple other offenses in various other jurisdictions.

{¶5} Appellant was charged by indictment with one count of safecracking pursuant to R.C. 2911.31(A), a felony of the fourth degree [Count I], and one count of breaking and entering pursuant to R.C. 2911.13(A), a felony of the fifth degree [Count 2].

{¶6} On November 12, 2020, appellant appeared before the trial court and changed his previously-entered plea of not guilty to one of guilty upon Count II, breaking and entering. Appellee moved to dismiss Count I in exchange for the guilty plea and the motion was granted. The trial court accepted appellant's guilty plea and ordered a pre-sentence investigation (P.S.I.). Appellant supplemented the record of the instant appeal with a sealed copy of the P.S.I.

{¶7} The matter proceeded to sentencing on December 18, 2020. Defense trial counsel argued appellant was a Targeted Community Alternatives to Prison ("TCAP") offender pursuant to R.C. 2929.34. The trial court disagreed, found appellant was not a TCAP offender, and imposed a prison term of 8 months upon Count II.

{¶8} Appellant now appeals from the trial court's Judgment of Sentence filed December 18, 2020.

{¶9} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶10} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FINDING THAT AT THE TIME OF SENTENCING THE DEFENDANT-APPELLANT WAS NOT AN ELIGIBLE TARGETED COMMUNITY ALTERNATIVES TO PRISON ("TCAP") OFFENDER."

**ANALYSIS**

{¶11} Appellant argues the trial court erred in finding he was not an eligible TCAP offender. We agree to the extent that the trial court must review the alleged factual errors in the PSI and make the findings required by R.C. 2951.03(B)(5).

{¶12} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. Specifically, R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate a sentence and remand for resentencing if it clearly and convincingly finds that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28.

{¶13} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477.

{¶14} Appellant argues he is a TCAP-eligible offender. R.C. 2929.34(B)(3)(c) governs TCAP and provides that on and after July 1, 2018, no person sentenced by the court of common pleas of a voluntary county to a prison term for a felony of the fifth degree shall serve the prison term in an institution under the control of the Ohio Department of Rehabilitation and Correction ("ODRC"), but shall instead serve the sentence as a term of confinement in a local facility such as a county jail or community-based correctional facility ("CBCF"). *See* R.C. 2929.34(C) and (D).

{¶15} An offender's criminal history is relevant to TCAP eligibility. R.C. 2929.34(B)(3)(d)(ii) provides that a defendant who has been previously convicted of a felony offense of violence as defined by R.C. 2901.01 is ineligible for TCAP's mandated imprisonment at a non-ODRC facility. The parties agree that appellant has a 2005 conviction for burglary in Ross County pursuant to R.C. 2911.12. R.C. 2901.01(A)(9) defines an "offense of violence" in pertinent part as a violation "of division (A)(1), (2), or (3) of section 2911.12."

{¶16} The current version of R.C. 2911.12, burglary, states the following:

(A) No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;

(3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.

(B) No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.

* * * *.

(D) Whoever violates division (A) of this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.

(E) Whoever violates division (B) of this section is guilty of trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree.

{¶17} Pursuant to the **current** version of R.C. 2911.12, an offense under subsections (A)(1), (2), and (3) is an "offense of violence," but an offense under subsection (B) is not. Currently, a violation of subsection (B), trespass in a habitation when a person is present or likely to be present, is not an "offense of violence" pursuant to R.C. 2901.01(A)(9). Trespass in a habitation is a felony of the fourth degree.

{¶18} Appellant's PSI states that he was convicted of burglary, a felony of the second degree, in the 2005 case. The PSI further states "This is not a TCAP case due

to a prior felony Burglary Conviction." Appellant was convicted under a prior version of the burglary statute which did not include the "trespass into a habitation" fourth-degree felony version of the current R.C. 2911.12(B). Appellant argues, however, that he was convicted of the nonviolent-offense version of the statute in 2005.

{¶19} At the sentencing hearing, appellant argued the 2005 burglary offense was amended to a fourth-degree felony from a second-degree felony and was not an "offense of violence." This statement contradicts the information in the PSI, supra, which indicated appellant's burglary conviction was a felony of the second degree. The trial court did not explicitly address appellant's argument, but instead cited appellant's lengthy (nonviolent-offense) felony criminal history in addition to numerous pending cases in other jurisdictions, and found appellant was not amenable to a community-control sanction or probation.

{¶20} On appeal, appellant attached copies of Exhibits B-1 and B-2 to his brief. Exhibit B-1 is the 2005 indictment indicating appellant was indicted upon a felony of the fourth degree as follows:

> * * * *.

> That Paul E. Arthurs, on or about the 9th day of June, 2005, in the County of Ross aforesaid did by force, stealth, or deception trespass in a permanent or temporary habitation of another when any person other than an accomplice of the offender was present or likely to be present, in violation of R.C. 2911.12 of the Ohio Revised Code, and against the peace and dignity of the State of Ohio.

> * * * *.

{¶21} Exhibit B-2 is a 2005 Judgment Entry of Sentence which does not state that the burglary offense was amended or what degree of offense appellant was convicted of; he was sentenced to a prison term of six months.

{¶22} Taken at face value, appellant's exhibits reference only "R.C. 2911.12," a felony of the fourth degree, and **appear to** indicate appellant was indicted upon a statute analogous to the present version of trespass in a habitation pursuant to R.C. 2911.12(B), which is by definition not an offense of violence. Again, taken purely at face value, the exhibits contradict the information contained in the PSI in the instant case about the 2005 burglary.

{¶23} It is not evident to us, though, that the trial court had appellant's Exhibits B-1 and B-2 before it at the sentencing hearing. Those documents are therefore outside the record. The trial court did have the PSI stating the 2005 conviction was a second-degree felony and rendered appellant ineligible for TCAP. Adding to the procedural dilemma in this case, appellant did not raise this issue explicitly as an error in the PSI. Defense trial counsel had the opportunity to review the PSI and referred to it several times at the sentencing hearing. Defense trial counsel did assert that in 2005 appellant was ultimately convicted of a fourth-degree felony analogous to trespass in a habitation which is arguably not an offense of violence. The trial court implicitly rejected appellant's argument in referring to his lengthy criminal record and current pending felonies in finding he is not eligible for a community control sanction.

{¶24} The central issue of this case therefore rests upon an alleged error of fact in the PSI.  R.C. 2951.03(5) addresses alleged factual errors in PSIs and states:

If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:

(a) Make a finding as to the allegation;

(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant.

{¶25} In the instant case, the trial court did not make the findings required by R.C. 2951.03(B)(5), an understandable omission because appellant has imperfectly raised this issue. Appellant did not explicitly allege an error in the PSI, below or upon appeal. Appellant made a blanket objection to the trial court's implicit decision that appellant was not TCAP-eligible. It is not evident that appellant presented Exhibits B-1 and B-2 to the trial court to corroborate appellant's argument. The burden of proof regarding any inaccuracy is on the defendant who alleges that the report is inaccurate. *State v. Sims*, 184 Ohio App.3d 741, 2009-Ohio-5751, 922 N.E.2d 298, ¶ 20 (2nd Dist).

{¶26} The trial court did not explicitly make a finding regarding appellant's argument about the nonviolent prior burglary offense, nor did it state that no finding was necessary because the matter would not be taken into account. Rather, the trial court did not address the argument and was silent on the matter. See, *State v. Latronica*, 7th Dist. Mahoning No. 13 MA 164, 2014-Ohio-3685, ¶ 13. Failure to make the requisite findings may be harmless error, as we have previously found, "if the record reflects that none of

the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report." *State v. Williamson*, 5th Dist. Richland No. 04 CA 75, 2005-Ohio-3524, ¶ 25, citing *State v. Platz,* 4th Dist. Washington No. 01CA33, 2002-Ohio-6149, ¶ 18, internal citations omitted; see also, *State v. Caudill,* 5th Dist. Ashland No. 06COA42, 2007-Ohio-6175, ¶ 21.

{¶27} "If the error appears on the record and the trial court clearly does not comply with the statute, then the error will not be harmless error unless the record clearly shows that the trial court did not consider the inaccuracy or the record reflect that there are substantial other factors supported in the record that clearly outweighs the inaccuracy." *State v. Latronica*, supra, 2014-Ohio-3685 at ¶ 17. In the instant case, as we have detailed, the error appears on the record very opaquely, but nonetheless we cannot find that the trial court did not take the inaccuracy into account, or that other factors supported in the record outweigh this inaccuracy.

{¶28} In the instant case, appellant is not TCAP-eligible solely because of the 2005 burglary. It is true that appellant has a voluminous criminal history of nonviolent felonies, and that he has pending felonies in other jurisdictions related to the investigation of the instant case. Nevertheless, appellant's TCAP eligibility hinges on this one prior offense. Appellee argues the error is harmless because TCAP merely governs where appellant's "prison term" may be spent, but in fact R.C. 2929.34(B)(3)(c) mandates that an eligible offender may not be sent to "prison" at all and must serve his or her sentence in a local jail or CBCF. Despite all of the procedural flaws, this alleged error in the PSI makes a difference to appellant's sentence and we are unable to find harmless error.

{¶29} The instant case is similar to *Latronica*, supra, in its effect. In that case, the Seventh District Court of Appeals found that the trial court's failure to comply with R.C. 2951.03(B)(5) was not harmless:

> The problem here is that there is nothing in the record that would lead to the conclusion that the trial court did not consider the inaccuracy. The trial court stated without qualification that it considered the PSI and made no finding under R .C. 2951.03(B)(5) regarding the alleged inaccuracy. There are no others statements from the trial court that suggest that it did not consider the inaccuracy or that it concluded that the PSI was inaccurate. Therefore, based on the record before us, it cannot be concluded that the failure to comply with R.C. 2951.03(B)(5) was harmless in this instance; it is not clear that the trial court would impose a 36–month sentence if the inaccuracy was not considered.

> That said, nothing in this opinion should be read in a manner that draws the conclusion that we are of the opinion that the 36–month sentence was not warranted. We were not asked to review whether the trial court abused its discretion in issuing the sentence it did. We are solely asked to decide if the trial court complied with R.C. 2951.03(B)(5), and if it did not, was the error harmless. As stated above, we find that there was no compliance and the error was not harmless.

*State v. Latronica*, 7th Dist. Mahoning No. 13 MA 164, 2014-

Ohio-3685, ¶ 24.

{¶30} We similarly do not suggest that appellant's 8-month sentence was not warranted under the unique facts of this case. However, because appellant has raised the issue, however imperfectly, that there is an error in the PSI and he is in fact TCAP-eligible, we must remand this matter to the trial court for consideration of the R.C. 2951.03(B)(5) factors. The trial court should be given the opportunity to evaluate the evidence, determine whether the statements in the PSI are in error, and weigh appellant's TCAP eligibility.

{¶31} Appellant's sole assignment of error is sustained. The sentence is vacated and the matter is remanded for resentencing.

### CONCLUSION

{¶32} The sentence is reversed and the matter is remanded for a new sentencing hearing. Upon remand, the trial court is instructed to comply with R.C. 2951.03(B)(5).

By: Delaney, J.,

Baldwin, P.J. and

Gwin, J., concur.