[Cite as *State v. Eutsler*, 2024-Ohio-5866.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 15-24-06

v.

ABBEY EUTSLER,

    **O P I N I O N**

    DEFENDANT-APPELLANT.

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 15-24-07

v.

ABBEY EUTSLER,

    **O P I N I O N**

    DEFENDANT-APPELLANT.

---

Appeals from Van Wert County Common Pleas Court
Trial Court Nos. CR-23-12-146 and CR-24-03-037

Judgment Reversed in Case No. 15-24-07
Appeal Dismissed in Case No. 15-24-06

Date of Decision: December 16, 2024

---

APPEARANCES:

    *Chima R. Ekeh* **for Appellant**

    *Morgan A. Jackson* **and** *Eva J. Yarger* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Abbey Eutsler ("Eutsler"), appeals the June 27, 2024 judgment entries of sentence of the Van Wert County Court of Common Pleas. For the reasons that follow, we reverse appellate case number 15-24-07 and dismiss appellate case number 15-24-06.

{¶2} On December 7, 2023, the Van Wert County Grand Jury indicted Eutsler on two counts of violating a protection order in violation of R.C. 2919.27(A)(1), (B)(3)(c), fifth-degree felonies, in case number CR-23-12-146.  On February 9, 2024, Eutsler appeared for arraignment and entered pleas of not guilty to the indictment.

{¶3} On March 7, 2024, the Van Wert Count Grand Jury indicted Eutsler on a single count of violating a protection order in violation of R.C. 2919.27(A)(1), (B)(3)(c), a fifth-degree felony, in case number CR-24-03-037.  On May 7, 2024, Eutsler appeared for arraignment and pleaded not guilty to the indictment in the new case.

{¶4} On May 17, 2024, Eutsler withdrew her pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to Count One in case number CR-23-12-146 and the count in case number CR-24-03-037.  In exchange for her change of pleas, the State agreed to dismiss Count Two in case number CR-23-12-146.  The

trial court accepted Eutsler's guilty pleas, found her guilty, and ordered a pre-sentence investigation.

{¶5} On June 26, 2024, the trial court sentenced Eutsler to 63 days in prison on Count One in case number CR-23-12-146 and to 180 days in prison on the count in case number CR-24-03-037.[1] The trial court ordered Eutsler to serve the prison terms consecutively for an aggregate sentence of 243 days in prison.[2] However, the trial court ordered that Eutsler serve the prison terms in Van Wert County Jail under the Targeted Community Alternatives to Prison ("TCAP") program.

{¶6} On July 10, 2024, Eutsler filed her notice of appeal in both cases and this court consolidated the cases for purposes of appeal. Eutsler raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Erred By Sentencing Eustler to 180 Days In Jail (Tr. pg. 49).**

{¶7} In her sole assignment of error, Eutsler challenges the sentence imposed by the trial court. In particular, Eustler argues that the trial court should have imposed community control instead of a prison sentence because "the record [does] not support the trial court's sentence under R.C. 2929.11 . . . ." (Appellant's Brief at 5). Eustler further contends that her sentence is contrary to law because the trial court imposed her sentence in contravention of R.C. 2929.34.

---

[1] The trial court filed its judgment entry of sentence on June 27, 2024.
[2] The trial court applied 63 days of credit toward Eutsler's sentence imposed in case number CR-23-12-146.

-3-

*Standard of Review*

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶9}** We will begin by addressing Eutsler's argument that her sentence is contrary to law because the felony-sentencing guidelines under R.C. 2929.11 weigh in favor of imposing a community-control sanction rather than a prison sentence. When imposing a sentence, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 10 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). Here, as a fifth-degree felony, violating a protection order carries a non-mandatory, definite sanction of 6-months to 12-months imprisonment. R.C. 2919.27(A)(1), (B)(3)(c); R.C. 2929.14(A)(5).

**{¶10}** "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *State v. Maggette*, 2016-Ohio-5554, ¶ 31 (3d Dist.), quoting *State v. Collier*, 2011-Ohio-

2791, ¶ 15 (8th Dist.). Because the trial court sentenced Eutsler to six months in prison (to be served in the Van Wert County Jail under the TCAP program) as to her violating a protection order conviction in case number CR-24-03-037, the trial court's sentence in that case falls within the statutory range. However, because the trial court sentenced Eustler to 63 days in prison (to be served in the Van Wert County Jail under the TCAP program) as to her violating a protection order conviction in case number CR-23-12-146, the trial court's sentence does not fall within the statutory range. Notwithstanding that error, since Eutsler has already served that sentence, any argument challenging it is moot. *Accord State v. Payne*, 2003-Ohio-1140, ¶ 12 (9th Dist.). Consequently, Eutsler's appeal in case number CR-23-12-146, assigned appellate case number 15-24-06, is dismissed. Accordingly, we will proceed to address Eutsler's sentence imposed in case number CR-23-12-146, assigned appellate case number 15-24-07.

{¶11} When imposing a sentence for a felony offense, trial courts must consider R.C. 2929.11, which provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others

from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). R.C. 2929.11 does not require "a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette* at ¶ 32.

{¶12} At Eutsler's sentencing hearing and in its sentencing entry, the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11. Nevertheless, Eutsler contends that her sentence is contrary to law because the record does not clearly and convincingly support the trial court's findings under R.C. 2929.11 since "she was already getting treatment for her addiction, drug court would have helped to rehabilitate her the most, and drug court would have helped her and her father to communicate better." (Appellant's Brief at 5-6). In other words, Eutsler disagrees with the trial court's application of the sentencing guidelines under R.C. 2929.11 to the facts and circumstances of her case. *Compare State v. Reed*, 2021-Ohio-1623, ¶ 17 (3d Dist.) (resolving that "Reed simply

disagrees with the trial court's application of these factors to the facts and circumstances of his case").

**{¶13}** Eutsler's argument is without merit. Importantly, the Supreme Court of Ohio has directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence if "we 'clearly and convincingly find[ ] that "the record does not support the sentencing court's findings under" *certain specified statutory provisions*.'" (Emphasis added.) *State v. Smith*, 2022-Ohio-2565, ¶ 9 (1st Dist.), quoting *State v. Jones*, 2020-Ohio-6729, ¶ 28, quoting R.C. 2953.08(G)(2)(a). Importantly, "R.C. 2929.11[,] and R.C. 2929.12 are not among the statutes listed in the provision." *Jones* at ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11. *See Reed* at ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 . . . we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.).

**{¶14}** In this case, the trial court determined that the prison sentences that it imposed are consistent with the principles and purposes of felony sentencing set forth in R.C. 2929.11. *See State v. Renne*, 2021-Ohio-2648, ¶ 6-8 (5th Dist.). Therefore, based on our review of the record, even though Eutsler would have

weighed the considerations under R.C. 2929.11 differently, we conclude that the trial court did not abuse its discretion by imposing a prison sentence instead of a community-control sanction. *See State v. West*, 2022-Ohio-4069, ¶ 21 (3d Dist.). Consequently, Eutsler's sentence is not contrary to law in this regard.

{¶15} Nonetheless, Eutsler also contends that her sentence in case number CR-24-03-037 is contrary to law because the trial court should have ordered that she serve her six-month prison term in an institution under the control of the Ohio Department of Rehabilitation and Correction ("ODRC"). Under R.C. 2929.34, "when a defendant is sentenced to prison from certain counties for certain fifth-degree felonies, the prison term will not be served in an institution under ODRC's control; instead, the sentence will be served locally, usually in a county jail or community-based correctional facility." *State v. Pope*, 2019-Ohio-4100, ¶ 5 (2d Dist.). *See also State v. Arthurs*, 2021-Ohio-3296, ¶ 14 (5th Dist.) (acknowledging that "R.C. 2929.34(B)(3)(c) governs TCAP and provides that on and after July 1, 2018, no person sentenced by the court of common pleas of a voluntary county to a prison term for a felony of the fifth degree shall serve the prison term in an institution under the control of the [ODRC], but shall instead serve the sentence as a term of confinement in a local facility"), citing R.C. 2929.34(C), (D). Van Wert County is one of the TCAP counties subject to the provisions of R.C. 2929.34 (by voluntary participation). *See* Sohl, *Ohio's Targeted Community Alternative to*

*Prison Program: How A Good Idea Is Implemented Through Bad Policy*, 67 Cleve.St.L.Rev. 463, 464-465 (2019).

{¶16} However, "R.C. 2929.34(B)(3)(d) sets forth certain exceptions to the mandated imprisonment at a non-ODRC facility." *Pope* at ¶ 6. Specifically, "R.C. 2929.34(B)(3)(d)(ii) provides that a defendant who has been previously convicted of a felony offense of violence as defined by R.C. 2901.01 is ineligible for TCAP's *mandated* imprisonment at a non-ODRC facility." (Emphasis added.) *Arthurs* at ¶ 15.

{¶17} In this case, the trial court sentenced Eutsler to six-months in prison, and ordered that she serve the prison sentence in the Van Wert County Jail under the TCAP program. However, Eutsler contends that she is *not* a TCAP-eligible offender. *Compare id.* at ¶ 14 (assessing whether the defendant constituted a TCAP-eligible offender). Specifically, Eutsler argues that, because she was previously convicted of offenses of violence, the trial court erred by ordering that she serve her six-month prison sentence in a non-ORDC facility. We agree.

{¶18} Indeed, the PSI reveals that, Eutsler was convicted of two felony offenses of domestic violence in violation of R.C. 2919.25(A). Eutsler's domestic violence convictions constitute offenses of violence under R.C. 2901.01(A)(9). *See* R.C. 2901.01(A)(9). Consequently, Eutsler's prior felony offense of violence convictions render her *ineligible* for the mandated imprisonment at a non-ORDC

facility under R.C. 2929.34.  *Accord State v. Espinoza*, 2022-Ohio-1807, ¶ 14 (3d Dist.).  As a result, Eutsler's sentence is contrary to law in this regard.  *Accord id.*

**{¶19}** Eutsler's assignment of error is sustained.

**{¶20}** Having found error prejudicial to the appellant herein in the particulars assigned and argued in appellate case number 15-24-07, we reverse the judgment of the trial court in that case and remand for further proceedings consistent with this opinion.

*Judgment Reversed in Case Number 15-24-07*
*Appeal Dismissed in Case Number 15-24-06*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/hls**