The STATE of Ohio, Appellee,

v.

LAWRENCE, Appellant.

[Cite as *State v. Lawrence,* 180 Ohio App.3d 468, 2009-Ohio-33.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 90977 and 90978.

Decided Jan. 8, 2009.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Steven A. Dever and Timothy R. Fadel, Assistant Prosecuting Attorneys, for appellee.

Joseph Vincent Pagano, for appellant.

---

CHRISTINE T. McMONAGLE, Presiding Judge.

{¶ 1} Defendant-appellant, Ray Lawrence, a.k.a. Lawrence Ray ("Lawrence"), appeals his convictions and sentence on repeat-violent-offender specifications and the trial court's failure to merge his aggravated-vehicular-assault convictions with his conviction for involuntary manslaughter for the purpose of sentencing. Lawrence also challenges the indictment against him on the charges of involuntary manslaughter and aggravated vehicular assault, contending that it violated his constitutional rights and resulted in structural error because it did not charge a culpable mental state. We reverse and vacate in part and affirm in part.

{¶ 2} Lawrence was indicted on three drug-related charges in case No. CR–493122 and pleaded guilty to drug possession, a felony of the second degree.[1] He was also indicted in a multi-count indictment in case No. CR–498023 and pleaded guilty to the following charges: failure to comply with the order or signal of a police officer, a felony of the third degree (count one); involuntary manslaughter, a felony of the first degree, with prior conviction and repeat-violent-offender specifications (victim John Rankin) (count two); driving under the influence, a misdemeanor of the first degree (count five); aggravated vehicular assault, a felony of the second degree, with driving under suspension, notice of prior conviction, and repeat-violent-offender specifications (victim Michael Hubbard) (count six); and aggravated vehicular assault, a felony of the second degree, with driving under suspension, notice of prior conviction, and repeat-violent-offender specifications (victim Dushon Ray) (count seven).

{¶ 3} The trial court sentenced Lawrence to maximum consecutive sentences on both cases, for a total 49.5–year sentence. The sentence included ten years for the repeat-violent-offender specifications.

{¶ 4} In his first assignment of error, Lawrence contends that the trial court erred by convicting and sentencing him on the repeat-violent-offender specifications. The state concedes this assignment of error.

{¶ 5} The offense giving rise to the repeat-violent-offender specifications was a 1999 aggravated vehicular homicide in violation of R.C. 2903.06. R.C. 2929.01(DD), governing repeat violent offenders, provides:

{¶ 6} "(DD) 'Repeat violent offender' means a person about whom both of the following apply:

---

1. Although that case is before us on appeal, Lawrence has not made any argument relative to it.

{¶ 7} "(1) The person is being sentenced for committing or for complicity in committing any of the following:

{¶ 8} "(a) Aggravated murder, murder, any felony of the first or second degree that is an offense of violence, or an attempt to commit any of these offenses if the attempt is a felony of the first or second degree;

{¶ 9} "(b) An offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to an offense described in division (DD)(1)(a) of this section.

{¶ 10} "(2) The person previously was convicted of or pleaded guilty to an offense described in division (DD)(1)(a) or (b) of this section."

{¶ 11} R.C. 2901.01(A)(9), defines an "offense of violence" as any of the following:

{¶ 12} "(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211 [2903.21.1], 2903.22, 2905.01, 2905.02, 2905.11, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161 [2923.16.1], of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

{¶ 13} "(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

{¶ 14} "(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

{¶ 15} "(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section."

{¶ 16} Aggravated vehicular homicide, a violation of R.C. 2903.06, does not fall under R.C. 2929.01(DD) (either as a listed crime or an offense of violence), and therefore, it could not have served as the predicate for the repeat-violent-offender specifications. Accordingly, the trial court erred by imposing a ten-year sentence on the specifications, and that ten-year portion of the aggregate sentence is reversed and vacated.

{¶ 17} For his second assignment of error, Lawrence contends that the trial court erred by not merging the convictions for both aggravated vehicular assaults (counts six and seven) and the involuntary-manslaughter conviction (count two). Lawrence argues that he "was charged with multiple offenses for

the same conduct, namely, the course of conduct that [led] to the death of John Rankin." According to Lawrence, "[a]ll of the counts of the indictment [in case No. CR498023] arose out of the same conduct by [him] and involved a single victim." Lawrence's claim is not true.

{¶ 18} The record reveals that as it relates to case No. CR–498023, Lawrence was operating a motor vehicle with two passengers when he became involved in a high-speed chase with the police. The chase ended when Lawrence sped through an intersection and struck a vehicle driven by John Rankin. Rankin died as a result of the accident and was the victim listed in the involuntary-manslaughter charge (count two). The passengers, Michael Hubbard and Dushon Ray, were seriously injured as a result of the accident and were the victims listed in the aggravated-vehicular-assault charges (counts six and seven, respectively).

{¶ 19} The trial court properly sentenced Lawrence separately for the offenses relating to each of his three victims, and his second assignment of error is overruled.

■ {¶ 20} Finally, Lawrence contends that under *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 ("*Colon I*"), his aggravated-vehicular assault and involuntary-manslaughter convictions should be vacated because the indictment did not reference the requisite mental state for those crimes.[2] We disagree.

{¶ 21} Colon was convicted by a jury on one count of robbery in violation of R.C. 2911.02(A)(2). The indictment charged him as follows: "[I]n attempting or committing a theft offense, as defined in [R.C.] 2913.01 of the Ohio Revised Code, or in fleeing immediately after the attempt or offense upon [the victim, the defendant did] inflict, attempt to inflict, or threaten to inflict physical harm on [the victim]." *Colon I* at ¶ 2.

{¶ 22} On appeal, Colon argued that his "state constitutional right to a grand jury indictment and state and federal constitutional rights to due process were violated when his indictment omitted an element of the offense." Id. at ¶ 4. The appellate court found that any alleged indictment defect was waived pursuant to Crim.R. 12(C)(2) because Colon failed to raise the issue before trial. Id. at ¶ 5.

{¶ 23} The Ohio Supreme Court, however, reversed and held that the indictment was defective because it lacked a mental element for R.C. 2911.02(A)(2)'s actus reas: "Inflict, attempt to inflict, or threaten to inflict physical harm on another." Id. at ¶ 10. The court then held that R.C. 2911.02(A)(2) did not specify a particular degree of culpability or plainly indicate strict liability, and

---

2. The involuntary-manslaughter and aggravated-vehicular-assault charges indeed did not include culpable mental states.

therefore, recklessness was the required mental element pursuant to R.C. 2901.21(B). Id. at ¶ 12–14.

{¶ 24} Consequently, the court concluded that a division (A)(2) robbery conviction required that "the state * * * prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm." Id. at ¶ 14. Because Colon's indictment failed to charge that he recklessly inflicted or attempted to inflict physical harm, and recklessness was an essential element of the crime, Colon's indictment was declared defective. Id.

{¶ 25} The court determined that the defective indictment constituted a structural error, which could be raised for the first time on appeal. Id. at ¶ 19. It reasoned that the error was structural because it deprived Colon of his Ohio constitutional right to presentment and indictment by a grand jury (Section 10, Article I) and "permeated the defendant's entire criminal proceeding." Id. at ¶ 32, 50.

{¶ 26} Supporting its finding that the error permeated the entire proceeding, the court noted that (1) there was no evidence that defendant had notice that the state was required to prove recklessness; (2) the state never argued that defendant's conduct was reckless; (3) the jury instructions failed to provide the recklessness element; (4) there was no evidence that the jury considered whether the defendant acted recklessly; and (5) the prosecutor treated robbery as a strict-liability offense in closing argument. Id. at ¶ 30–31.

{¶ 27} The court subsequently clarified its holding in Colon I in State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169 ("Colon II"). The court in Colon II stated, "We assume that the facts that led to our opinion in Colon I are unique," and "[i]n most defective-indictment cases in which the indictment fails to include an essential element of the charge, we expect that plain-error analysis, pursuant to Crim.R. 52(B), will be the proper analysis to apply." Id. at ¶ 6, 7. The court also noted that structural error was "appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment." Id. at ¶ 8. Noting the differences between Colon I and "most defective-indictment cases," the court pointed to the errors that it considered for determining that structural-error analysis was appropriate:

{¶ 28} "In Colon I, we concluded that there was no evidence to show that the defendant had notice that recklessness was an element of the crime of robbery, nor was there evidence that the state argued the defendant's conduct was reckless. * * * Further, the trial court did not include recklessness as an element of the crime when it instructed the jury. * * * In closing argument, the prosecuting attorney treated robbery as a strict-liability offense." Colon II at ¶ 6, citing Colon I at ¶ 30–31. The court also stated, "Seldom will a defective indictment" lead to errors, such as those in Colon I, which "permeate[d] the trial

from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence." *Colon II* at ¶ 8, citing *State v. Perry,* 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 17. The court concluded by stating, "[W]e emphasize that the syllabus in *Colon I* is confined to the facts in that case." Id. at ¶ 8.

{¶ 29} This court has recently declined to extend Colon to cases in which the defendant pleaded guilty to the indictment. *State v. Hayden,* Cuyahoga App. No. 90474, 2008-Ohio-6279, 2008 WL 5084716, ¶ 5. The Third Appellate District has also taken the view that a plea of guilty waives any defect in the indictment occasioned by a failure to allege a culpable mental state:

{¶ 30} "Gant has waived any alleged errors in the indictment by pleading guilty to the offenses. The Court in *Colon [I]* held that 'when an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment.' 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, at ¶ 45. However, the defendant in *Colon* did not plead guilty like Gant, herein. 'The plea of guilty is a complete admission of the defendant's guilt.' Crim.R. 11(B)(1). Accordingly, '[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.' *State v. Kitzler,* 3d Dist. No. 16–02–06, 2002-Ohio-5253[, 2002 WL 31175137], ¶ 12, citing *State v. Barnett* (1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101. Therefore '[a] criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." ' *State v. Woods,* 3d Dist. No. 1–05–82, 2006-Ohio-2368[, 2006 WL 1312088], ¶ 14, quoting *State v. Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351. See, also, *State v. Barton,* 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 73; *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78; *Ross v. Auglaize Cty. Common Pleas Court* (1972), 30 Ohio St.2d 323[, 59 O.O.2d 385], 285 N.E.2d 25. This Court is not persuaded that the court in *Colon [I]* was also overruling the longstanding waiver rules with regard to guilty pleas. Accordingly, this Court finds that Gant admitted guilt of the substantive crime of burglary and has, therefore, waived any alleged indictment defects for purposes of appeal. In addition, Gant has not alleged that his guilty plea was involuntarily, unknowingly, or unintelligently entered. *Kitzler,* 2002-Ohio-5253[, 2002 WL 31175137], at ¶ 13." (Citations omitted.) *State v. Gant,* Allen App. No. 1–08–22, 2008-Ohio-5406, 2008 WL 4615801, ¶ 13.

{¶ 31} Under the authority of *Hayden* and *Gant,* Lawrence's third assignment of error is overruled.

{¶ 32} The judgment is reversed and vacated in part and affirmed in part. Under the first assignment of error, the ten-year sentence for the repeat-violent-offender specifications is vacated. Under the second and third assignments of error, the remaining judgment of trial court is affirmed.

Judgment accordingly.

STEWART and CELEBREZZE, JJ., concur.