[Cite as *State v. Pope*, 2019-Ohio-4100.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28142 and 28143 |
| | : | |
| v. | : | Trial Court Case Nos. 2018-CR-313/2 |
| | : | and 2018-CR-1153 |
| BYRON POPE | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 4th day of October, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, P.O. Box 24805, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} In each of two cases, Appellant Byron Pope was convicted pursuant to a plea agreement of one count of possession of cocaine. He was sentenced to 12 months on each count, to be served concurrently. Pope appeals. Pope's appointed counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The *Anders* brief states that counsel could find no potentially meritorious issues for appellate review.[1] Following an independent review of the record, we agree with this assessment. As such, the judgment of the Montgomery County Common Pleas Court will be affirmed.

### Facts and Procedural History

{¶ 2} In Montgomery C.P. No. 2018-CR-313/2, Pope was indicted for trespass in violation of R.C. 2911.21(A)(2), a fourth degree misdemeanor, and possession of cocaine in violation of R.C. 2925.11(A), a fifth degree felony. In Montgomery C.P. No. 2018-CR-1153, Pope was indicted for aggravated possession of drugs and possession of cocaine, both in violation of R.C. 2925.11(A) and both fifth degree felonies. In each case, Pope ultimately pleaded guilty to the possession of cocaine count; the other count in each case was dismissed. Following its receipt of a presentence investigation report (PSI) and after conducting a sentencing hearing, the trial court sentenced Pope to a 12-month prison term on each count of possession of cocaine, to be served concurrently. The trial court ordered that the sentences be served at the Corrections Reception Center, which is an

---

[1] Pope's first appellate counsel also filed an *Anders* brief, but, shortly thereafter, he passed away. We ordered that *Anders* brief stricken and appointed new counsel. New counsel filed the *Anders* brief under review.

institution operated by the Ohio Department of Rehabilitation and Correction (ODRC). Pope filed a notice of appeal in each case. We consolidated the appeals and appointed counsel. As noted, counsel filed an *Anders* brief. We notified Pope of his right to file a pro se brief within 60 days of the *Anders* notice. Pope has not filed a brief.

## Anders Standard

{¶ 3} An appellate court, upon the filing of an *Anders* brief, has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Anders* at 744; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the defendant.

## *Anders* Analysis

{¶ 4} Consistent with her duties under *Anders*, counsel has set forth the following potential assignments of error:

(1) The trial court should have applied House Bill 49 and sentenced [Pope]

to Community Corrections Time.

(2) The trial court erred when it sentenced [Pope] to 12 months.

**{¶ 5}** Turning to the first potential assignment of error, House Bill 49, codified at R.C. 2929.34, requires that when a defendant is sentenced to prison from certain counties for certain fifth-degree felonies, the prison term will not be served in an institution under ODRC's control; instead, the sentence will be served locally, usually in a county jail or community-based correctional facility. Montgomery County is one of the so-called "target" counties.

**{¶ 6}** R.C. 2929.34(B)(3)(d) sets forth certain exceptions to the mandated imprisonment at a non-ODRC facility. One exception (R.C. 2929.34(B)(3)(d)(ii)) is that the requirement does not apply to a defendant who has previously been convicted or pleaded guilty to an offense of violence as defined by R.C. 2901.01. The version of R.C. 2901.01 in effect when Pope entered his plea listed a number of crimes which automatically qualified as offenses of violence. *See* R.C. 2901.01(A)(9)(a). R.C. 2911.12(A)(2) (burglary) was a listed offense.[2] The PSI reflected that, on two occasions, Pope had pleaded guilty to burglary in violation of R.C. 2911.12(A)(2). Given this, it would be wholly frivolous to argue that the trial court erred when it sentenced Pope to an ODRC-operated institution.

**{¶ 7}** Turning to the second proposed assignment of error, a trial court has the authority to impose any authorized sentence, and in doing so, the court is under no obligation to "articulate its findings or set forth its reasoning for imposing a particular sentence." *State v. Skapik*, 2d Dist. Champaign No. 2017-CA-16, 2018-Ohio-2661, ¶ 8, citing *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). But the court must

---

[2] R.C. 2901.01(A)(9)(a) was amended effective March 22, 2019. The amendment, among other changes, eliminated R.C. 2911.12(A)(2) as an offense of violence, but Pope was sentenced on September 14, 2018, well before this amendment.

consider the R.C. 2929.11 and R.C. 2929.12 sentencing considerations and factors. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.).

{¶ 8} Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1234. Under the statute's plain language, an appellate court "may vacate a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or the sentence is otherwise contrary to law." *Id.* at ¶ 1. This is a very deferential standard because the issue "is not whether the trial court had clear and convincing evidence to support its findings, but whether [the appellate court] clearly and convincingly find[s] that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 17.

{¶ 9} Since Pope's sentences are within the authorized range for a fifth-degree felony (6-12 months) and the trial court stated its consideration of R.C. 2929.11 and R.C. 2929.12, there is not a potentially meritorious appellate argument that the sentences are contrary to law. Further, given Pope's criminal record and that the offenses in this case were committed while Pope was on post-release control, there is not a potentially meritorious appellate contention that it could be found by clear and convincing evidence that the record does not support the imposed sentences.

{¶ 10} In addition to the issues discussed above, and consistent with our duties under *Anders*, we have reviewed the entire record. This review included the PSI, the plea and sentencing transcripts, and the corresponding entries. This review did not reveal any potentially meritorious appellate issues.

**Conclusion**

**{¶ 11}** Having found no non-frivolous issues for appellate review, counsel is granted leave to withdraw as counsel, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Marcy A. Vonderwell
Byron Pope
Hon. Dennis J. Adkins