[Cite as *State v. Highley*, 2019-Ohio-5177.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| JOSHUA HIGHLEY, | : | Case No. 2019 CA 00086 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County
Court of Common Pleas, Case No.
19-CR-00085

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     December 9, 2019

APPEARANCES:

For Plaintiff-Appellee                                     For Defendant-Appellant

ERIC M. DEPUE                                          STEPHEN T. WOLFE
Assistant Licking County Prosecutor          Wolfe Law Group, LLC
20 N. Second Street, 4th Floor                   1350 W. 5th Ave., Suite 330
Newark, Ohio 43055                                  Columbus, Ohio 43212

*Baldwin, J.*

**{¶1}**   Defendant-appellant Joshua Highley appeals his sentence from the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}**   On January 31, 2019, the Licking County Grand Jury indicted appellant on one count of aggravated possession of drugs (methamphetamines) in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree. At his arraignment on February 26, 2019, appellant entered a plea of not guilty to the charge.

**{¶3}**   Thereafter, on April 29, 2019, appellant filed a Motion for Intervention in Lieu of Conviction (hereinafter "ILC"). Appellant, on May 30, 2019, entered a plea of guilty to the charge and, as memorialized in a Judgment Entry filed on May 30, 2019, his guilty plea and the trial court's finding of guilty were held in abeyance and appellant was placed into an ILC status for a period of two years. The trial court, in its Judgment Entry, noted that appellant had been informed that if he violated the terms of his ILC, his guilty plea and the trial court's finding of guilty would be reinstated and appellant would be sentenced to a term of one year in prison.

**{¶4}**   A Motion to Revoke appellant's ILC was filed on July 30, 2019 alleging that appellant had violated his conditions of supervision.  Following a hearing held on August 23, 2019, the trial court reinstated appellant's guilty pleas and found appellant guilty. The trial court then revoked appellant's community control and, pursuant to a Judgment Entry filed on August 23, 2019, sentenced appellant to twelve (12) months in jail.

**{¶5}**   Appellant now appeals, raising the following assignment of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A TWELVE-MONTH LOCAL JAIL SENTENCE."

I

{¶7} Appellant, in his sole assignment of error, argues that the trial court erred in imposing a twelve-month local jail sentence on him. We disagree.

{¶8} As is stated above, after appellant entered his guilty plea, the trial court held his guilty plea in abeyance and placed appellant into an ILC status. After appellant violated the terms of his ILC, the trial court sentenced appellant to twelve (12) months in jail.

{¶9} The relevant statute, R.C. 2951.041, states, in relevant part, as follows:

(F) If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, the supervising authority for the offender promptly shall advise the court of this failure, and the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it may continue the offender on intervention in lieu of conviction, continue the offender on intervention in lieu of conviction with additional terms, conditions, and sanctions, or enter a finding of guilty and impose an appropriate sanction under Chapter 2929. of the Revised Code. … (Emphasis added).

{¶10} R.C. 2929.34(B)(3)(c) states, in relevant part, as follows: .."[N]o person sentenced by the court of common pleas of a voluntary county to a prison term for a felony of the fifth degree shall serve the term in an institution under the control of the department of rehabilitation and correction. The person shall instead serve the sentence as a term of confinement in a facility of a type described in division (C) or (D) of this section."  In turn, division (C) provides as follows:

> A person who is convicted of or pleads guilty to one or more misdemeanors and who is sentenced to a jail term or term of imprisonment pursuant to the conviction or convictions shall serve that term in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse; in a community alternative sentencing center or district community alternative sentencing center when authorized by section 307.932 of the Revised Code; or, if the misdemeanor or misdemeanors are not offenses of violence, in a minimum security jail.

{¶11} Pursuant to R.C. 2929.34(B)(3)(a), "[a]s used in divisions (B)(3)(a) to (d) of this section, "voluntary county" means any county in which the board of county commissioners of the county and the administrative judge of the general division of the court of common pleas of the county enter into an agreement of the type described in division (B)(3)(b) of this section and in which the agreement has not been terminated as described in that division."

{¶12} As noted by the court in *State v. Pope*, 2nd Dist. Montgomery Nos. 28142 and 28143, 2019 -Ohio- 4100 at paragraph 5:

**{¶13}** "House Bill 49, codified at R.C. 2929.34, requires that when a defendant is sentenced to prison from certain counties for certain fifth-degree felonies, the prison term will not be served in an institution under ODRC's control; instead, the sentence will be served locally, usually in a county jail or community-based correctional facility."

**{¶14}** Licking County is a voluntary county. As noted by appellee, because R.C. 2929.34 "prohibits individuals who are convicted of fifth degree felonies in voluntary counties…from serving their periods of confinement in the department of rehabilitation and correction, the Court appropriately sentenced the Appellant to serve his twelve-month period of confinement at the Licking County Justice Center."

**{¶15}** While appellant cites to R.C. 2929.16(A)(2) in arguing that a court cannot impose a jail sentence that is more than six months, such section allows a trial court to impose up to six (6) months in the county jail for a violation of the terms of community control residential sanctions. Appellant, in the case sub judice, was not sentenced to residential community control sanctions and did not violate the terms of the same. Such section is, therefore, not applicable.

**{¶16}** We find that appellant was properly sentenced to twelve months confinement in the Licking County Justice Center. Appellant's sole assignment of error is, therefore overruled.

**{¶17}** Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, Earle, J. concur.