[Cite as *State v. Hines*, 2020-Ohio-668.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                           No. 108457

v.                                      :

SCORONE HINES,                          :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED, DEFENDANT DISCHARGED
**RELEASED AND JOURNALIZED:**  February 27, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-621299-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson Strang, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and David Martin King, Assistant Public Defender, *for appellant.*

PATRICIA ANN BLACKMON, P.J.:

{¶ 1}  Defendant-appellant Scorone Hines appeals from his sentence for attempted drug possession, a fifth-degree felony, arguing that the trial court erroneously ordered that his sentence be served at a prison, rather than an

alternative sentencing center under R.C. 2929.34. Hines assigns the following two errors for our review:

I. The trial court erred when it did not sentence appellant pursuant to R.C. 2929.34 in violation of the Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

II. Defendant Scorone Hines was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 2} Having reviewed the record and the controlling case law, we reverse the sentence and order Hines discharged.

{¶ 3} On September 25, 2017, Hines was indicted by an information for one count of fourth-degree felony possession of heroin, and possession of criminal tools (cell phone and money) with forfeiture specifications. On November 16, 2017, the information was amended to charge Hines with attempted drug possession, a fifth-degree felony. He pled guilty and also agreed to forfeit $740 and a cell phone. The following month, Hines was sentenced to two years of community control sanctions that was ordered to include random drug testing and intensive out-patient drug and alcohol treatment. However, the court also ordered that violation of community control may result in a one-year prison term.

{¶ 4} In October 2018, Hines was charged with violating the terms of his community control sanctions, following his arrest and conviction for OVI. During the hearing on the violation, Hines's counsel asked for a lenient sentence with driving privileges. The court noted Hines's extensive criminal record, and that he

also tested positive for cocaine use three times in the previous two months.  The court also noted that twenty years earlier, Hines was convicted of aggravated vehicular homicide.  The court stated, "[o]ne is that it's a violent offense, so that means under T-CAP [Targeted Community Alternatives to Prison] law, he can go to prison under this fifth degree felony."

### Sentence to Lorain Correctional Facility

{¶ 5}    In the first assigned error, Hines argues that the trial court erred in refusing to sentence him to a T-CAP facility rather than prison.

{¶ 6}    R.C. 2929.34(B)(3)(c) states, in relevant part, as follows:

[N]o person sentenced by the court of common pleas of a voluntary county to a prison term for a felony of the fifth degree shall serve the term in an institution under the control of the department of rehabilitation and correction.  The person shall instead serve the sentence as a term of confinement in a facility of a type described in division (C) or (D) of this section.

{¶ 7}    In turn, division (C) provides as follows:

A person who is convicted of or pleads guilty to one or more misdemeanors and who is sentenced to a jail term or term of imprisonment pursuant to the conviction or convictions shall serve that term in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse; in a community alternative sentencing center or district community alternative sentencing center when authorized by section 307.932 of the Revised Code; or, if the misdemeanor or misdemeanors are not offenses of violence, in a minimum security jail.

{¶ 8}    Therefore, when a defendant is sentenced to prison from certain counties for certain fifth-degree felonies, the prison term will not be served in an institution under ODRC's control; instead, the sentence will be served locally,

usually in a county jail or community-based correctional facility. *State v. Pope*, 2d Dist. Montgomery Nos. 28142 and 28143, 2019-Ohio-4100, ¶ 5. Cuyahoga County is one of the "target" counties. R.C. 2929.34(B)(3)(d) sets forth certain exceptions to the forgoing, and does not apply to sexual offenders, or defendants who have previously been convicted of or pled guilty to an offense of violence as defined by R.C. 2901.01(A)(9).

{¶ 9} The trial court stated that Hines was not eligible to go to a T-CAP facility because of his prior conviction for aggravated vehicular homicide that the court characterized as "an offense of violence." However, Hines correctly notes that his conviction for aggravated vehicular homicide in violation of R.C. 2903.06 is not included within the statutory definition of "offenses of violence." *See* R.C. 2901.01(A)(9). *See also State v. Lawrence*, 180 Ohio App.3d 468, 2009-Ohio-33, 905 N.E.2d 1268 (8th Dist.). The state of Ohio agrees that the offense of violence exception to T-CAP confinement is not applicable herein.

{¶ 10} The state asserts, however, that this case is not subject to the T-CAP requirements because they went into effect after Hines was originally sentenced for the fifth-degree felony, but before the community control violation hearing. *See* H.B. 49. Hines asserts that he must be given the benefit of any reduction in penalty at the time of the community control hearing, despite the fact that the T-CAP requirements were not in effect at the time of the original sentence.

{¶ 11} R.C. 1.58 provides:

If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

{¶ 12} Moreover, "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381. *See also State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 11 (holding that trial courts are required to afford an offender an opportunity for allocution at a community-control-revocation hearing, and rejecting state's claim that allocution is not necessary because "trial courts are imposing an already existing sentence").

{¶ 13} Here, Hines was sentenced for the fifth-degree felony on December 14, 2017. He was ordered to serve two years of intensive community control, and advised of a possible one-year sentence for violations. The T-CAP provisions of R.C. 2929.34 were enacted in H.B. 49. *Pope*, 2019-Ohio-4100, ¶ 5. They became effective on July 1, 2018. In November 2018, the trial court sentenced Hines "anew" for the community control violation, and ordered that he serve one-year imprisonment for the community control violation. This sentence is subject to the T-CAP provisions that were in effect at that time.

{¶ 14} Additionally, R.C. 2929.15(B) provides that if the court announces a possible prison term during the sentencing hearing, the court may also impose that term if the conditions of a community control sanction are violated. However, effective September 29, 2017, R.C. 2929.15(B)(1)(c)(i) now sets forth this limitation:

> If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

*Id. See also State v. Neville*, 2019-Ohio-151, 128 N.E.3d 937, ¶ 23 (8th Dist.).

{¶ 15} The *Neville* court observed that the legislature did not define the term "technical" violation as used in R.C. 2929.15 and "did not draw a bright-line rule" as to the meaning of this term. *Id.* at ¶ 41. The choice of the term "technical" implies it has meaning distinct from "non-criminal" violations. *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 14; *State v. Nelson*, 2018-Ohio-4763, 124 N.E.3d 450, ¶ 32 (2d Dist.), appeal accepted, 2019-Ohio-5360, 2019 Ohio LEXIS 2673. Thus, R.C. 2929.15(B)(1)(c)(i) specifically sets forth the ninety-day sentence limitation for community control violations that are not felonies, if community control was imposed for a felony.

{¶ 16} Here, although Hines pled to the OVI offense, it was a new criminal offense that was not a felony. This meets the definition of a "technical" offense under R.C. 2929.15(B)(1)(c)(i). Because no felony was committed, the term of imprisonment cannot exceed 90 days. R.

{¶ 17} R.C. 2929.15(B)(1)(c)(i). *Accord State v. Bika*, 11th Dist. Portage Nos. 2018-P-0096, 2018-P-0097 and 2019-Ohio-3841, ¶ 34-44.

{¶ 18} Therefore, the one-year term of imprisonment imposed for the community control violation is reversed. Furthermore, because Hines completed the maximum 90-day term of imprisonment, he must be discharged.

{¶ 19} The second assigned error asserting ineffective assistance of counsel is moot and will not be addressed. *See* App.R. 12(A)(1)(c).

{¶ 20} Judgment is reversed, defendant is discharged.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
RAYMOND C. HEADEN, J., CONCUR