[Cite as *State v. Howard*, 2022-Ohio-3394.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 21CA0103 |
| | : | |
| SAMANTHA HOWARD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
                              Common Pleas, Case No. 20CR432



JUDGMENT:                     AFFIRMED




DATE OF JUDGMENT ENTRY:       September 26, 2022




APPEARANCES:


For Plaintiff-Appellee:                 For Defendant-Appellant:

CLIFFORD J. MURPHY                      STEPHEN T. WOLFE
ASSISTANT PROSECUTOR                    Wolfe Law Group, LLC
20 North Second St.                     1350 W. 5th Ave., Suite 330
4th Floor                               Columbus, OH 43212
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Samantha Howard appeals from the November 12, 2021 Judgment of Conviction and Sentence of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose on May 2, 2020, when two police officers observed appellant fail to properly signal when turning while operating her vehicle in the area of Spring Street, Utica, Licking County.

{¶3} The officers executed a traffic stop and contacted appellant, the sole occupant of the vehicle. Appellant acknowledged her operator's license was suspended. As they confirmed her license status, the officers noticed appellant place something under the driver's seat of the vehicle. A subsequent inventory search revealed a striped bag containing several syringes loaded with an unknown black substance. The items were sent to the crime lab for analysis and determined to be 0.147 grams of heroin.

{¶4} Appellant was charged by indictment with one count of drug possession (heroin) pursuant to R.C. 2925.11(A)(C)(6)(a), a felony of the fifth degree. Appellant opted to enter a plea of guilty as charged on or around November 12, 2021, and was found to be TCAP-eligible. "TCAP" refers to the "Targeted Community Alternatives to Prison" program and is described infra.

{¶5} The trial court imposed a prison term of 8 months and ordered appellant to serve her sentence at the Licking County Justice Center pursuant to R.C. 2929.34(B).

{¶6} Appellant now appeals from the judgment entry of her conviction and sentence.

{¶7}   Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶8} "THE TRIAL COURT ERRED WHEN IT IMPOSED AN EIGHT-MONTH LOCAL JAIL SENTENCE."

## ANALYSIS

{¶9} In her sole assignment of error, appellant argues the trial court erred in imposing a term longer than six months because she was required to serve the term in a local jail facility.  We disagree.

{¶10} We note we have addressed appellant's argument in the context of a conviction upon a fifth-degree felony, arising in Licking County, in *State v. Highley*, 5th Dist. Licking No. 2019 CA 00086, 2019-Ohio-5177.

{¶11} R.C. 2929.34(B)(3)(c) governs TCAP and provides that on and after July 1, 2018, no person sentenced by the court of common pleas of a voluntary county to a prison term for a felony of the fifth degree shall serve the prison term in an institution under the control of the Ohio Department of Rehabilitation and Correction ("ODRC"), but shall instead serve the sentence as a term of confinement in a local facility such as a county jail or community-based correctional facility ("CBCF"). *State v. Arthurs*, 5th Dist. Licking No. 21CA0002, 2021-Ohio-3296, ¶ 14, citing R.C. 2929.34(C) and (D).

{¶12} Pursuant to R.C. 2929.34(B)(3)(a), "[a]s used in divisions (B)(3)(a) to (d) of this section, "voluntary county" means any county in which the board of county commissioners of the county and the administrative judge of the general division of the court of common pleas of the county enter into an agreement of the type described in division (B)(3)(b) of this section and in which the agreement has not been terminated as

described in that division." Licking County is a voluntary county. *Highley*, 2019-Ohio-5177, ¶ 14.

{¶13} Appellant does not contest her eligibility as a TCAP offender. She argues the trial court is limited to imposing a 6-month jail term pursuant to R.C. 2929.16(A)(2),[1] an argument we also rejected in *Highley,* supra, at ¶ 15:

> While appellant cites to R.C. 2929.16(A)(2) in arguing that a court cannot impose a jail sentence that is more than six months, such section allows a trial court to impose up to six (6) months in the county jail for a violation of the terms of community control residential sanctions. Appellant, in the case sub judice, was not sentenced to residential community control sanctions and did not violate the terms of the same. Such section is, therefore, not applicable.

---

[1] R.C. 2929.16(A)(2) applies to community-control sanctions and states:

Except as provided in this division, the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section. The court imposing a sentence for a fourth degree felony OVI offense under division (G)(1) or (2) of section 2929.13 of the Revised Code or for a third degree felony OVI offense under division (G)(2) of that section may impose upon the offender, in addition to the mandatory term of local incarceration or mandatory prison term imposed under the applicable division, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration or mandatory prison term required for the offense. Community residential sanctions include, but are not limited to, the following: * * * *.

(2) Except as otherwise provided in division (A)(3) or (6) of this section and subject to division (D) of this section, a term of up to six months in a jail[.]

{¶14} Appellant was sentenced to term of eight months, a term within the permissible range for a felony of the fifth degree. R.C. 2929.14(A)(5). Licking County is a TCAP county; appellant is TCAP-eligible in the instant case; and she was properly ordered to serve her sentence for a felony of the fifth degree in a county jail. R.C. 2929.16 does not apply.

{¶15} We find that appellant was properly sentenced to eight months' confinement in the Licking County Justice Center. *Highley*, supra. Appellant's sole assignment of error is overruled.

**CONCLUSION**

{¶16} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, Earle, P.J. and

Gwin, J., concur.