[Cite as *State v. Byrnes*, 2025-Ohio-3177.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 CA 00007 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Licking County, Case No. 2024 CR 00162 |
| CAROLINA BYRNES, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment: September 5, 2025 |

BEFORE: Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

APPEARANCES: Kenneth W. Oswalt, for Plaintiff-Appellee; Brian A. Smith, for Defendant-Appellant.

*Gormley, J.*

**{¶1}** Defendant Carolina Byrnes challenges the sentence that she received after she pled guilty to one fifth-degree-felony theft charge and one first-degree-misdemeanor theft charge. Byrnes argues that the trial judge was barred from imposing a prison term on her for her non-violent felony offense, and she contends that the 12-month jail sentence that she was ordered to serve exceeded the six-month maximum jail sentence that can be imposed as part of a community-control sentence. The prosecution in turn argues that a prison term could be imposed for the F5 theft, and Byrnes's 12-month jail sentence, according to the prosecution, was in fact a prison sentence that Byrnes was required to serve in a county jail because of the TCAP program. We agree with the prosecution's view, and we affirm the trial court's judgment.

**The Key Facts**

**{¶2}** Byrnes's guilty pleas to one F5 theft charge and one M1 theft charge stemmed from her efforts to sell to multiple people a pole barn that she did not own. At Byrnes's sentencing hearing, the trial judge noted that Byrnes had been under community-control supervision when she committed the theft offenses for which she was being sentenced. The judge imposed a 12-month jail sentence for the F5 theft as well as a concurrent 180-day jail sentence for the M1 theft. Byrnes now challenges the trial judge's decision.

**We Decline to Dismiss Byrnes's Case Under R.C. 2953.08(A)(2)**

**{¶3}** The state argues first that we should dismiss Byrnes's appeal because she failed to seek our court's permission for the appeal under R.C. 2953.08(A)(2).

**{¶4}** That statutory provision says that a defendant who is sent to prison for a low-level felony offense is entitled to challenge that sentence in an appeal, but the statute adds a caveat. No right to appeal exists, the provision says, "[i]f the [trial] court specifie[d] that it found one or more of the factors in division (B)(1)(b) of section 2929.13 of the Revised Code to apply relative to the defendant." R.C. 2953.08(A)(2). The trial court, at the sentencing hearing, mentioned one of those factors — Byrnes's commission of the F5 theft offense when she was already under community-control supervision for a different offense — and so Byrnes, the state argues, ought to have sought permission to pursue her appeal rather than proceeding as if she had a right to appeal. Because she never sought or secured permission for this appeal, we should dismiss it, in the state's view.

**{¶5}** This argument is not one that requires deep thought on our part because Byrnes argues here that her sentence is "contrary to law," and a criminal defendant making such a claim is, under R.C. 2953.08(A)(4), entitled to pursue an appeal. For that reason, we readily conclude that Byrnes had no obligation to seek our permission for her appeal, and we decline to dismiss it as an improper one under R.C. 2953.08(A)(2).

## Our Review is Limited to Plain Error

**{¶6}** In her sole assignment of error, Byrnes claims that a community-control sentence was, under R.C. 2929.13(B)(1)(a), the only possible sentence that the trial court could impose for her F5 theft offense, and she then cites R.C. 2929.16(A)(2) to support her view that her 12-month jail sentence for that offense runs afoul of the six-month cap set by that latter provision.

**{¶7}** Byrnes did not, however, object to her sentence at the conclusion of her sentencing hearing, and she did not call to the trial judge's attention the alleged legal errors that she now asks us to fix. "An error 'that was not called to the attention of the trial court at a time when the error could have been avoided or corrected by the trial court' is deemed forfeited absent plain error." *State v. Bright*, 2025-Ohio-725, ¶ 7 (5th Dist.), quoting *State v. Haudenschild*, 2024-Ohio-407, ¶ 15 (5th Dist.); *see also* Crim.R. 52(B).

**{¶8}** Here, the trial judge — by asking the parties several times, after the sentence was announced, if they "ha[d] any questions" or if there was "anything else" either party wanted to address — afforded Byrnes a meaningful opportunity to express the concerns that Byrnes now raises here. Neither Byrnes herself nor her trial counsel objected to the sentence. We, therefore, review Byrnes's sentence solely for plain error.

## The Trial Judge Had Discretion to Impose a Prison Sentence

**{¶9}** To rise to the level of plain error, an error "must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection." *Bright* at ¶ 10, quoting *State v. Dunlap*, 2004-Ohio-6652, ¶ 34 (8th Dist.). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

**{¶10}** R.C. 2929.13(B)(1)(a) — subject to exceptions listed in division (B)(1)(b) — requires a trial court to impose a community-control sanction or a combination of community-control sanctions on an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence if all of the following apply: (1) the offender has not previously been convicted of or pleaded guilty to a felony offense; (2) the most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree; and (3) the offender has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which the sentence is being imposed. R.C. 2929.13(B)(1)(a)(i-iii).

**{¶11}** Each of those three factors does appear to apply to Byrnes. She pled guilty to a nonviolent F5 charge, the trial judge noted that Byrnes had not previously been convicted of any felonies, and nothing in the record before us suggests that she was convicted on any misdemeanor offense-of-violence charges within the two years prior to her sentencing in this case.

{¶12} Also applicable to her, though, is one of the exceptions in R.C. 2929.13(B)(1)(b), which provides that "[t]he court has discretion to impose a prison term" for a nonviolent F5 offense if "the offender committed the offense while under a community control sanction."   R.C. 2929.13(B)(1)(b)(x).

{¶13}  Before imposing the sentence in this case, the trial judge noted that Byrnes had on her criminal record a conviction in Delaware County for which — in the words of the trial judge — she "w[as] on probation" when she committed the offenses at issue in this case.   This fact gave the trial judge discretion, under R.C. 2929.13(B)(1)(b)(x), to impose a prison term instead of a community-control sentence.   The trial judge did not commit error — and certainly not plain error — by imposing what we believe was in fact a prison sentence.

## The Sentence Was a TCAP Sentence, So Byrnes Was Required to Serve It in the County Jail Rather Than in a State Prison

{¶14}  Finally, we turn to Byrnes's claim that her 12-month jail sentence was contrary to Ohio law.  We readily conclude that it was not.

{¶15}  Licking County is, as we have repeatedly noted, a county that voluntarily participates in Ohio's Targeted Community Alternatives to Prison (TCAP) program.  *See State v. Howard*, 2022-Ohio-3394, ¶ 12, 14 (5th Dist.); *State v. Highley*, 2019-Ohio-5177, ¶ 14 (5th Dist.).

{¶16}  Under that program, certain offenders who are sentenced by a court of common pleas are required to serve their prison sentences in a local jail or other community-based facility rather than a state prison.  R.C. 2929.34(B)(3)(c).

{¶17} The sentence imposed in this case was entirely consistent with a permissible TCAP prison sentence.  That is, Byrnes was ordered to spend 12 months in

the county jail for her F5 theft offense, and she was ordered to spend a concurrent 180-day stint in the county jail for her M1 theft offense.

{¶18} To be sure, the trial judge would have been wise to characterize the sentence on the felony charge as a TCAP prison sentence.  Inclusion of language to that effect in the sentencing entry likely would have closed the door on Byrnes's argument here that the sentence was an impermissibly lengthy community-control jail sentence. Even so, the omission of any reference in the sentencing entry to community control, and the absence of any supervision terms or any reference to the consequences of any future violation by Byrnes of any community-control conditions convinces us that this was in fact a TCAP prison sentence.

{¶19}  Because that sentence comported with Ohio law in a TCAP county, we now affirm the trial court's judgment.  Costs are to be paid by Appellant Carolina Byrnes.

By: Gormley, J.;

Baldwin, P.J. and

Popham, J. concur.